CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
April 24, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
   DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

**STEPHANIE NICOLE CLARKE,**

    Plaintiff,

v.                      Case No.:  1:25cv25

**NEXSTAR MEDIA, INC.,**

**SERVE:**
R/A Corporation Service Company
100 Shockoe Slip, Floor 2
Richmond, Virginia 23219

    Defendant.

## COMPLAINT

The above-named Plaintiff, Stephanie Nicole Clarke ("Plaintiff" or "Ms. Clarke"), by counsel, states as her Complaint against Defendant Nexstar Media, Inc., ("Nexstar"), the following:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter as it arises from the federal questions presented by the Americans with Disabilities Act, as codified under Title 42 U.S.C. §§ 12101 *et seq.*, the ADA Amendments Act of 2008 ("ADA"), and the Family and Medical Leave Act, as codified under Title 29 U.S.C. §§ 2601 *et seq.* ("FMLA"). *See generally* 28 U.S.C. §§ 1331, 1343(a)(4).

2. The acts and/or omissions of Nexstar from which the following causes of action arise, occurred within Abingdon, Virginia.

3. Venue is proper in this Court, as the acts and/or omissions substantially occurred within the Court's geographic area. *See* 28 U.S.C. § 1391(b)(2).

4. Venue is appropriate as the acts and/or omissions of Nexstar, from which these causes of

action arise, occurred within the Western District of Virginia. *See* 28 U.S.C. § 1391(b)(2).

5. Ms. Clarke timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Ms. Clarke received a Dismissal and Notice of Rights from the EEOC dated January 28, 2025, attached hereto as **EXHIBIT A**. Ms. Clarke files suit within ninety (90) days of receipt of that Dismissal and Notice of Rights.

## II. THE PARTIES

6. Ms. Clarke is domiciled in Abingdon, Virginia and was employed by Nexstar at all times relevant.

7. Nexstar is a publicly traded media company headquartered in Irving Texas. It produces and distributes news and entertainment media. It operates in and throughout the Commonwealth of Virginia, including the Western District of Virginia. Nexstar employees thousands of workers.

8. At all times relevant, Ms. Clarke worked for Nexstar at the Channel 11 News Station located in Johnson City, TN and completed various job duties from that location as well as her home in Abingdon, Virginia. Many of Ms. Clarke's client contacts operated out of the Commonwealth of Virginia and numerous material acts and omissions of Nexstar occurred in the Western District of Virginia.

## II. FACTUAL ALLEGATIONS

9. This is a case regarding retaliation at the workplace. Ms. Clarke engaged in numerous protected activities leading to the termination of her employment from Nexstar.

10. Ms. Clarke began working for Nexstar on or about July of 2019 as an Account Executive.

11. Ms. Clarke suffers a disability that affects her daily life activities such as ambulation and standing. Her disability symptoms include fatigue, pain in her shoulders, back, and legs, and

frequent headaches. Stress is often a trigger to these symptoms.

12. Despite the effects upon her daily life activities, Ms. Clarke could fulfill all of the essential functions of her job and met all legitimate expectations of Nexstar during her employment.

13. At all times pertinent to this matter, Nexstar became aware of Ms. Clarke's disability after her hire. At all times pertinent to this matter, Nexstar supervisors of Ms. Clarke had notice of her disability.

14. On or about November of 2022, Ms. Clarke provided proper notice and requested an accommodation under the ADA to work remotely for a period of time due to her disability. The accommodation was not granted. Rather, Ms. Clark's employer offered the unhelpful accommodation of permitting Ms. Clarke to work with her "knee up" without offering any accommodations related to restrooms that were not ADA compliant. When Ms. Clarke pointed out that she would be unable to use the restroom facilities due to a lack of accessibility, she was directed to take Short-Term Disability Leave.

15. Ms. Clarke's requests for accommodations irritated the chain of command above her, including her supervisors.

16. Nexstar's poor treatment of Ms. Clarke began when she first utilized a right afforded to her under the ADA.

17. Throughout 2023, whenever Ms. Clarke required an accommodation or leave due to her disability, it angered Ms. Clarke's supervisor, the General Sales Manager.

18. This supervisor would frequently raise her voice at Ms. Clarke and pointed a finger directly in her face to be chastised in front of coworkers. These incidents occurred frequently around the times that Ms. Clarke required an accommodation or leave.

19. Months of this treatment weighed on Ms. Clarke. The supervisor clearly held Ms. Clarke

to a different standard than that of her similarly situated non-disabled coworkers such as the other account executives.

20. Ms. Clarke reported retaliatory, discriminatory, and hostile conduct due to her disability in March of 2023

21. Shortly after her report in March of 2023, Ms. Clarke received false disciplinary actions from her supervisor. Ms. Clarke had identified her supervisor as the individual who had mistreated her on the basis of her disability.

22. When Ms. Clarke received discipline, she was told things such as "you have done nothing wrong, however we still must provide this to you."

23. Ms. Clarke received a disciplinary action for work on an account that was identical to that of the work of a similarly situated, non-disabled employee who received no such discipline.

24. In August of 2023, Ms. Clarke's parent suffered a serious health condition (a stroke) under the Family Medical Leave Act. Ms. Clarke properly notified her employer regarding this serious health condition and requested intermittent leave for a short time period to set up hospice care for her father (who, sadly, passed away in the months after his stroke). At this point, the pressure and retaliation against Ms. Clarke increased.

25. On August 15, 2023, Nexstar denied Ms. Clarke's request for FMLA leave citing ineligibility due to not working the required hours to permit FMLA usage. This was false as Ms. Clarke had worked in excess of the necessary hours to make her eligible for FMLA usage at the workplace. In addition, Ms. Clarke would have been eligible for certain "sick leave" pursuant to Nexstar policies. Appropriate use of "sick leave" includes care for family members, including parents. Even so, Ms. Clarke's requests for leave related to her dying father, were all denied.

26. At all times relevant to this matter, Nexstar knew that Ms. Clarke was eligible for FMLA

leave, but willfully chose to deny her this right.

27. When no changes occurred at the workplace and the hostility increased, Ms. Clarke reported retaliatory, discriminatory, and hostile conduct due to her disability and related to her requests for FMLA leave to Nexstar in July of 2024.

28. Ms. Clarke identified her supervisor, the General Sales Manager, as the individual responsible for the mistreatment.

29. After Ms. Clarke reported these issues, Ms. Clarke's supervisor immediately retaliated against Ms. Clarke with increasing scrutiny of Ms. Clarke's work performance. Ms. Clarke, understanding that retaliation was at play, shortly thereafter reached out to make a formal complaint with the Equal Employment Opportunity Commission.

30. As an example of retaliation, in July of 2024, Ms. Clarke's supervisor approached Ms. Clarke and chastised her, expressing anger that Ms. Clarke contacted the Station General Manager regarding a client issue and suggesting that Ms. Clarke was "stupid." She directed Ms. Clarke not to contact the Station General Manager again.

31. Ms. Clarke again complained about this retaliation on the part of her supervisor.

32. On or about August 23, 2024 Nexstar terminated Ms. Clarke. This was less than two months after her protected reports and complaints.

33. Nexstar retaliated against Ms. Clarke for exercising rights at the workplace under disability laws.

34. Nexstar engaged in discrimination and retaliation in violation of the ADA and the FMLA Ms. Clarke has suffered numerous damages based upon the intentional acts of Nexstar, including emotional distress.

## COUNT I: CLAIM FOR RETALIATION IN VIOLATION OF THE ADA

35. Ms. Clarke incorporates by reference the preceding paragraphs of this Complaint.

36. Specifically, and at all times relevant, Ms. Clarke suffered from disabilities, of which Nexstar had notice.

37. In the alternative, Ms. Clarke was regarded by Nexstar as having such disabilities.

38. Nexstar had notice of Ms. Clarke's disabilities and her protected reports of disability-based discrimination and retaliation.

39. At all times relevant, however, Ms. Clarke could perform the essential functions of her job.

40. At all times relevant, Ms. Clarke was performing her work at a satisfactory level and meeting or exceeding the legitimate business expectations of Nexstar.

41. Ms. Clarke revealed her disabilities to supervisory employees and required the use of an accommodation.

42. In response, Ms. Clarke's request for a reasonable accommodation was denied and she was retaliated against as described above.

43. Any reasons given by Nexstar for its treatment of Ms. Clarke were pretextual, as Ms. Clarke met Nexstar's legitimate expectations.

44. Ms. Clarke's adverse employment actions occurred under circumstances that raise a reasonable inference of unlawful retaliation based upon her protected activities under the law.

45. The above-described acts by Nexstar and employees of Nexstar constitutes retaliation in violation of the Americans with Disabilities Act, as codified under Title 42 U.S.C. §§ 12101 *et seq.*, and the ADA Amendments Act of 2008.

46. Nexstar also acted with actual malice or reckless disregard of the protected rights of Ms. Clarke so as to support an award of punitive damages.

## COUNT II: CLAIM FOR DISCRIMINATION
## AND RETALIATION IN VIOLATION OF THE FMLA

47. Ms. Clarke incorporates by reference the preceding paragraphs of this Complaint.

48. Nexstar is (1) engaged in commerce and/or in an industry affecting commerce; and (2) an employer of fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year.

49. Ms. Clarke worked for Nexstar since 2019 and worked more than 1,250 hours during the twelve (12) month period immediately preceding her request for FMLA leave in August of 2023.

50. Ms. Clarke properly notified Nexstar of her parent's serious health condition and of her need for FMLA-qualifying leave, to which she was entitled, when she requested and then submitted FMLA paperwork.

51. Nexstar discriminated against Ms. Clarke by improperly denying her federally protected FMLA rights and retaliating against her for attempting to exercise the substantive FMLA rights to which she was entitled.

52. Nexstar's unlawful denial of Ms. Clarke's FMLA rights was related to and in furtherance of her use of federally protected rights at the workplace.

53. At all times material hereto, Nexstar engaged in unlawful or discriminatory practices with bad faith, malice or reckless indifference to the federally protected rights of Ms. Clarke so as to support an award of liquidated damages.

54. The above-described acts by Nexstar and employees of Nexstar constituted unlawful discrimination and/or retaliation in violation of the Family Medical Leave Act, as codified under Title 29 of the United States Code §§ 2601 *et seq*. ("FMLA").

WHEREFORE, Plaintiff Stephanie Nicole Clarke prays for judgment against Defendant Nexstar Media, Inc., and for equitable relief, compensatory damages, punitive and/or liquidated damages, together with prejudgment interest, postjudgment interest, back pay, front pay, and for costs and attorneys' fees, and for such other and further relief as may be just and equitable.

TRIAL BY JURY IS DEMANDED ON ALL ISSUES UPON WHICH A TRIAL MAY BE DEMANDED INCLUDING THE ENFORCEABILITY OF ANY ARBITRAION AGREEMENT.

Respectfully submitted,

**STEPHANIE NICOLE CLARKE**

/s/ Thomas E. Strelka
Thomas E. Strelka, Esq. (VSB # 75488)
VIRGINIA EMPLOYMENT LAW

Thomas E. Strelka, Esq. (VSB # 75488)
L. Leigh Rhoads, Esq. (VSB # 73355)
VIRGINIA EMPLOYMENT LAW
4227 Colonial Avenue
Roanoke, Virginia 24018
Tel:  540-283-0802
thomas@vaemployment.law
leigh@vaemployment.law
*Counsel for Plaintiff*